# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

MARINOS N. GELARDOS, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:10CV259-HEH
)
CONMED HEALTH CARE )
MNGT., INC., *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Dismissing Claims for Failure to Particularize)

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Order entered on January 7, 2011, the Court directed Plaintiff to submit a particularized complaint strictly in accordance with the Court's directions. Specifically, the Court directed:

> The first paragraph of the particularized complaint must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

(Jan. 7, 2011 Mem. Order 1–2.)

On January 25, 2011, the Court received Plaintiff's proposed particularized complaint. The proposed particularized complaint does not comply with the Court's

instructions. The first paragraph of the proposed particularized complaint does not contain a list of the defendants. Additionally, Plaintiff did not state what relief he seeks. Moreover, although Plaintiff named five individuals and entities in the caption of the proposed amended complaint, with the exception of Dr. Hercules, Plaintiff did not provide any coherent explanation as to why the other defendants mentioned in the caption of the particularized complaint are liable to Plaintiff. Accordingly, by Memorandum Order entered on March 17, 2011, the Court warned Plaintiff that unless he submitted a new proposed particularized complaint that complied with the Court's prior instructions within fourteen (14) days of the date of entry thereof, the Court would dismiss Plaintiff's claims against all defendants except Dr. Hercules. *See* Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915(e)(2).

More than fourteen (14) days have elapsed since the entry of the March 17, 2011 Memorandum Order and Plaintiff has not submitted a new particularized complaint. According, the Court will dismiss without prejudice all of Plaintiff's claims except for Plaintiff's claim against Dr. Hercules. The action will proceed on Plaintiff's claim that Dr. Hercules denied Plaintiff adequate medical care.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 11 2011
Richmond, Virginia